Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50326 | **DATE** | 3/12/2004 |
| **CASE TITLE** | ATT SYSTEMS vs. TYLMAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss and motion for sanctions are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-12-04 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, ATT Systems Co. et al, filed a nine count amended complaint against defendants, Vincent R. Tylman, Patricia B. Tylman and The Namlyt Trust. Federal question jurisdiction exists under 28 U.S.C. § 1331 as the complaint alleges violation of the federal securities laws, 15 U.S.C. § 77, among other claims. Defendants move to dismiss claiming res judicata and collateral estoppel bar the action. Defendants assert that the same parties litigated the same issues in Illinois state court in a case that was ultimately dismissed with prejudice based on a settlement agreement. In their motion, defendants rely on attached exhibit which is an order of dismissal with prejudice in a state court action captioned <u>Sci-Tech Building Systems, LLC, and Investors v. Vince R. Tylman, Patricia B. Tylman, The Namlyt Co., a Business Trust, and Julie Vaughn</u> and the statement by plaintiff in paragraph 8 of a brief filed with plaintiffs' amended complaint in which counsel for plaintiff states "This present action in federal court is brought on the same merits and for the same fundamental reasons as those analyzed by Judge Glenn. . . . [T]he issues presented arose from the same set of operative facts precipitating the Sci-Tech investors' present RICO action" in this court.

Based on the information before the court at this time, it is not possible to conclude that either res judicata or collateral estoppel bar plaintiffs' claims. The "preclusive effect of a state court judgment in a federal case is a matter of state rather than federal law." <u>Brokaw v. Weaver</u>, 305 F.3d 660, 669 (7th Cir. 2002). Under Illinois law, both res judicata and collateral estoppel require an identity of parties or their privies. <u>Id.</u> (applying Illinois law); <u>Garcia v. Village of Mt. Prospect</u>, No. 02-2869, 2004 WL 324903, * 3 (7th Cir. Feb. 23, 2004) (applying Illinois law). The plaintiffs in the state court action are Sci-Tech Building Systems, LLC which is not a plaintiff in this action and "Investors" whose identities are not discernible from the state court order. It cannot be said at this point on this record that identity of parties or their privies exists. As such res judicata and collateral estoppel cannot be used to bar plaintiffs' claims now.

Defendants also filed a motion for sanctions pursuant to 28 U.S.C. § 1927 asserting this action is a "vexatious and unreasonable multiplying" of the prior state court action. Based on the foregoing, this motion is premature and is also denied.

For the foregoing reasons, defendants' motion to dismiss and motion for sanctions are denied.