UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ATT SYSTEMS CO., ET. AL., | ) |
| Plaintiffs, | ) No. 03 C 50326 |
| vs. | ) Judge Philip G. Reinhard |
| | ) Magistrate P. Michael Mahoney |
| VINCENT R. TYLMAN, PATRICIA B. TYLMAN, THE MANLYT COMPANY, | ) NOTICE OF FILING AND HEARING |
| Defendants. | ) |

FILED-WD
2004 JUL 12 PM 1:04
U.S. DISTRICT COURT

DOCKETED
JUL 12 2004

## MOTION TO DISQUALIFY COUNSEL FOR CONFLICT OF INTEREST

NOW COMES Plaintiffs, ATT SYSTEMS ET AL., by their counsel, Brent Winters, for their motion to disqualify counsel for conflict of interest, and states as follows:

1. Counsel for Defendant in this case, Attorney Ronald Guild, has placed himself in a position of divided loyalties between Defendants and Plaintiffs in this case in direct violation of Rules of Professional Conduct Model Rule 1.9 (a) which imposes a blanket prohibition against counsel representing a client or clients with interest adverse to those of a former client absent that former client's consent.

2. Even if consent is obtained, the ABA Code of Professional Responsibility Canon 4 states

   > Waivers of right to a conflict-free counsel are invalid as an alternative remedy when there is a conflict of interest by reason of joint representation where waivers purport to relate to conflicts which may arise in the future. <u>In the Matter of Investigative Grand Jury Proceedings on April 10, 1979 and Continuing</u>, 480 F.Supp. 162, 170 (N.D. Oh, 1979).

3. According to evidence now discovered, on or about 1 April 1997, counsel for the Defense, Attorney Ronald Guild, attended a meeting in order to provide counsel for Plaintiffs in the instant case, Ed Aldis and Ken Tylman while simultaneously providing

*MOTION TO DISQUALIFY COUNSEL FOR CONFLICT OF INTEREST*



counsel for Vince Tylman, Defendant in this case. Records of this (See Attachment A) and supporting testimony (See Attachment B) reveal that Attorney Ronald Guild attended this meeting as legal counsel to both the above referenced Plaintiffs and Defendant in this case. Further, at this meeting Attorney Ronald Guild was charged with the responsibility of assisting Ken Tylman in organizing corporate structure, company papers, by-laws, resolutions, buy/sell agreements and minutes of meetings held including the minutes affixed hereto as Attachment A.

4. Among reciprocal responsibilities of those present at this meeting, Vince Tylman, Defendant in this case, accepted the task to "do the patent work." (See Attachment ____). From this fact, it may be directly inferred that Attorney Ronald Guild was involved in the decision to assign Vince Tylman the task of obtaining the issue of federal patents. These patents are material subject matter to the instant case. Any implication of Attorney Ronald Guild's involvement in the decision to assign the task of obtaining the subject patents to Defendant Vince Tylman to the exclusion of Plaintiffs Ed Aldis and Ken Tylman may also potentially place Attorney Ron Guild in the undesirable position of protecting his own interests. It appears that Attorney Ronald Guild has a conflict of interest in this case, but could have compromised his loyalties as far back as the above referenced meeting in 1997.

5. It is well settled that clients are "entitled to counsel whose undivided loyalties lie with the client". *United States v. Barnes*, 909 F.2d 1059 (7th Cir. 1990) quoting *United States v. Eliason*, 798 F.2d 1102, 1106 (7th Cir. 1986).

*MOTION TO DISQUALIFY COUNSEL FOR CONFLICT OF INTEREST*

6. Attorney Ronald Guild's previous association with Plaintiffs' Ken Tylman and Ed Aldis dating from the incipient beginnings of Sci-Tech place Mr. Guild, *at best*, in the untenable position of dividing his loyalties between Plaintiffs, Ken Tylman and Ed Aldis and Defendants, Vincent and Patricia Tylman, co-trustees of Namlyt Trust. However, in the instant case, it is reasonable to conclude in light of the circumstances that Attorney Ronald Guild has not divided his loyalties as much as he has entirely transferred them. He has made a choice among clients as to where to place his loyalty abandoning some (Plaintiffs Ken Tylman and Ed Aldis) while choosing others (Defendant Vincent Tylman).

7. Paragraph 2 supra alludes to the doctrine that exceptions may be recognized with the consent of the former clients, Plaintiffs Ken Tylman and Ed Aldis. My clients in this case have chosen not to consent. Further, any waiver to right of conflict-free counsel could be invalid where there is a conflict of interest due to joint representation as appears to be the situation in this case. This is also true when such a waiver purport to be in relation to a conflict that may arise in the future. At this particular juncture, it would be difficult if not impossible to predict conflicts that may be revealed once discovery begins.

8. It will also be near impossible to predict whether Attorney Ronald Guild will impermissibly use (or has already used) information acquired during previous representation of Plaintiffs Ken Tylman and Ed Aldis against their best interest. Attorney Ronald Guild might very easily (or may have already) without intending to do so, utilize confidential information obtained from his former clients and Plaintiffs in this case, Ken Tylman and Ed Aldis against them.

*MOTION TO DISQUALIFY COUNSEL FOR CONFLICT OF INTEREST*

9. It is also possible due to Attorney Ron Guild's long standing involvement with Vincent Tylman, his involvement with the patents, and his apparent involvement with the procurement of the subject patents, that Mr. Guild may be disqualified because he may be a necessary witness in this present case.

10. Due to Attorney Ron Guild's former representation of Plaintiffs Ken Tylman and Ed Aldis coupled with his knowledge of their individual circumstances and/or their reliance upon his counsel, it appears that Mr. Guild has placed himself in an impermissible conflict of loyalties.

11. As such, Attorney Ronald Guild is under a duty to even avoid such appearances. In this present case evidence indicates that Mr. Guild's conflict rests upon more than mere appearances. Consequently, Plaintiffs in this case respectfully request that Attorney Ronald Guild be ordered to withdraw himself as counsel for Defendants in this case instanter.

Date:

ATT SYSTEMS CO.; ET AL., Plaintiffs

By: _____

Jason Rock
Barrick, Switzer, Long,
Balsley & Van Evera
P.O. Box 17109
Rockford, IL 61101-7109

Brent Winters
Attorney At Law
1550 Douglas, Suite 112
Charleston, IL 61920

*MOTION TO DISQUALIFY COUNSEL FOR CONFLICT OF INTEREST*

# AFFIDAVIT

BE IT ACKNOWLEDGED, that Kenton W. Tylman of Charleston, Illinois, the undersigned deponent, being of legal age, does hereby depose and say under oath as follows:

To the best of my knowledge, Ron Guild represented and advised as legal counsel for ATT Systems Company now called Sci-Tech Building Systems, LLC.

To the best of my knowledge, Ron Guild attended a meeting on April 1, 1997 in which Ed Aldis, his daughter, Rachel, Vince Tylman and myself also attended. Ron Guild was directly involved in discussions relating to financial matters, by-sell agreement, organization relating to the company structure in the way of company papers, by-laws, resolutions, minutes, officers and helping organize corporate structure.

To the best of my knowledge, Ron Guild represented our partnership, ATT Systems Company now called Sci-Tech Building Systems, LLC. at that time.

And I affirm that the foregoing is true except as to statements made upon information and belief, and as to those I believe them to be true.

Witness my hand under the penalties of perjury this 4th day of June, 2004.

_____  _____
Signature of Witness             Signature of Deponent

G. DEAN TARTER                   KENTON W. TYLMAN
Name of Witness                  Name of Deponent

P.O. Box 243                     913 17TH
Address of Witness               Address of Deponent

CHARLESTON, IL 61920             CHARLESTON, IL

STATE OF ILLINOIS
                    ss.
COUNTY OF COLES

On June 4, 2004, before me, Deb Hills, personally appeared Kenton W. Tylman, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____         Affiant ✓ Known ____ Unknown
                                        ID Produced _____
                                                                    (Seal)

"OFFICIAL SEAL"
DEBRA J. HILLS
NOTARY PUBLIC STATE OF ILLINOIS

# ATT Systems Meeting agenda, 4/1/97

In attendance:     Ed Aldis, Rachael, Ken Tylman, Vince Tylman, Ron Guild.

Subjects to discuss:

1. R Systems, financial, Ed, Rachael & Ron.

2. ATT Systems:

    A. Buy-sell agreement: All  ⎫
                                                    ⎬ *end of May.*
    B. Company structure: Ken  ⎭

    C. Areas of responsibility for tasks to be completed:

        1. Patent work     *Eric.     VINCE*

    2. Marketing plan:

        1. Initial written plan.  *Vince & Ken*

        2. Brochure.  *Ken – Sample*

            a. Quanity?

            b. Cost?

            c. Insert?  *after engr. work.*

        3. Sales video.  *End of May*

        4. Training Video.    "         "         "

4/1/97                     Page 1

# ATT Systems meeting agenda, 4/1/97

3. Business plan. } *Vince*
   a. Final draft.   } *End of April.*
   b. Verbiage.

4. Venture capital. *Vince*

---

5. Product design & development.

   a. Standing seam design. ✓

   b. True stress-skin panel design. ✓

   c. Testing program. ✓ *V.—*

   *Sample form to Ed.*

6. Training manual:

   a. Panels construction.

   b. Red iron erection.          } *Kenny & Ed*

   c. Component construction/assembly.

   d. Training program / school. (apprentice)

---

4. Reporting:

   A. How do we communicate?

      1. Written monthly summary? *or Verbal to Rock—*

      2. What general subjects?
         *all of above*
         *Vince make list.*

4/1/97              Page 2

# ATT Systems meeting agenda, 4/1/97

3. Weekly conference call ? YES   KEN will d[o]

5. Bookkeeping & accounting:  Dennis Lawson for ATT S[ystems]
   217 348 7849

   A. System ?

   Voice - Daily.

   B. Who ? Where ?

6. Organization:

   A. Company papers.

   B. By-laws.

   C. Resolutions, etc.     } Ron-Ken after decis[ion]
                              on corporate structure
   D. Minutes.

   E. Buy-sell. (above)

   F. Officers.

7. General:

   A. Veto power.    ✓

      All subjects ? Election of officers ?

   B. Policies regarding draws, expenses, etc.    ✓

   C. Other:  Financing for E[S]. building
              in Charleston.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ATT SYSTEMS CO., ET. AL., ) | |
| ) | No. 03 C 50326 |
| Plaintiffs, ) | |
| ) | Judge Philip G. Reinhard |
| vs. ) | |
| ) | Magistrate P. Michael Mahoney |
| VINCENT R. TYLMAN, PATRICIA B. ) | |
| TYLMAN, THE MANLYT COMPANY, ) | NOTICE OF HEARING |
| ) | |
| Defendants. ) | |

TO: Donald P. Shriver, 401 W. State St., Suite 701, Rockford, IL 61101-1296
Ronald J. Guild, 55 W. Chestnut, Suite 2002, Chicago, IL 60610
Jason Rock, P.O. Box 17109, Rockford, Illinois 61110-7109

PLEASE TAKE NOTICE that on 16 July 2004, at 1:30 p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Magistrate Mahoney at the United States Federal Courthouse, Rockford, Illinois and there present the previously filed Motion to Disqualify Counsel for Conflict of Interest and attachments at which time you may appear as you choose.

### CERTIFICATE OF SERVICE

I, Brent Winters, an attorney, certify I served this Notice by addressing an envelope to the above referenced person(s) at their shown address(es) placing a copy of this Notice and any attachments within the envelope, and depositing the same in U.S. mail at Charleston, Illinois at or before 5:30 p.m with postage prepaid on 9 July 2004.

_____
Brent Winters

Brent Winters
1550 Douglas, Suite 119
Charleston, IL 61920