# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50326 | **DATE** | 7/15/2004 |
| **CASE TITLE** | ATT Systems Co., et al vs. Tylman, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Defendants' Motion to Dismiss is granted. Plaintiffs are given 14 days from the date of this Order to file a Second Amended Complaint. Defendants are given 14 days from the day of filing to answer or otherwise plead.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 15 2004 | 29 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/15/2004 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ATT SYSTEMS CO., BERNARD SUPPELAND;)
CORNELLIER FIREWORKS CO., LTD.;     )
ERIC NIEHAUS, FRANK CHELI; NITA     )
CHELI; HAL E. ADAMS; HARRY          )
THEODORE; KMC ASSET MANAGEMENT      )
CO.; R. ELLEN ENGSTROM; SIDLA       )
COMPANY; STAHELIN PARTNERS          )
DUPAGE CORP. CENTER; STEVE MILLER   )
and WENDY MILLER; TECHTONICS        )
INTERNATIONAL; THOMAS SIMMONS;      )
WESLEY HAYNES; and KENTON TYLMAN,   )
                                    )
    Plaintiffs,                    )
                                    )
    v.                             )    Case No. 03 C 50326
                                    )
VINCENT R. TYLMAN, PATRICIA B.,     )
TYLMAN, and THE NAMLYT TRUST,       )    P. Michael Mahoney
                                    )
    Defendants.                    )

### Memorandum Opinion and Order

Plaintiffs filed a nine-count Amended Complaint against Defendants. The Amended Complaint alleges conspiracy (Count I), RICO violations (Count II), violations of the Securities Act of 1933 and 1934 (Count IV and V)[1], civil conversion (Count VI), breach of fiduciary duty (Count VII), intentional and/or negligent misrepresentations (Count VIII), and civil conspiracy (IX). Defendants have moved to dismiss all counts. For the following reasons, Defendants' Motion to Dismiss is granted.[2]

---

[1] This is not a typographical error. Plaintiffs failed to include a Count III and instead went from Count II to Count IV.

[2] Pursuant to 28 U.S.C. §636(c) and Federal Rules of Civil Procedure 73, all the parties voluntarily consented to the Magistrate Judge.

## Discussion

In handling a motion to dismiss, this court generally prefers to include a brief background of the facts presented in the complaint and apply those facts in order to determine whether the complaint survives a motion to dismiss. Unfortunately, this court is unable to perform that function with the instant case for the reasons stated below.

Plaintiffs' Amended Complaint does not comply with Federal Rules of Civil Procedure 8(a), (e), 9(b) or 10(b). Rule 8(a) states:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim need no new grounds of jurisdiction to support it, (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a)(emphasis added); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Additionally, Rule 8 (e)(1) states, "Each averment of a pleading shall be *simple, concise, and direct*." (Emphasis added). Rule 9(b) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person must be averred generally." Fed. R. Civ. P. 9(b); *see Payton v. Rush-Presbyterian-St.Luke's Medical Ctr.*, 184 F.3d 623 (7th Cir. 1999). Finally, Rule 10(b) states:

> All averments of claims or defense shall be made in numbered paragraphs, the *contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances*; .... Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the

matters set forth.

Fed. R. Civ. P. 10(b) (emphasis added).

Plaintiffs' Amended Complaint contains fifty-five paragraphs, many, if not all, of which do not comply with Rules 8(a), (e)(1), 9(b) or 10(b). Much of Plaintiffs' failure to comply with Rule 8(a), (e)(1), 9(b) or 10(b) stems from the fact that Plaintiffs, either individually or as a whole, have failed to allege any wrongdoing as to one or all the Defendants. Specifically, in Count I (which is forty-two paragraphs long and purports to state an allegation for conspiracy although no conspiracy statute is provided as a basis),[3] Plaintiffs do not allege any wrongful act on the part of any Defendants as to any single Plaintiff or multiple Plaintiffs. Plaintiffs' Securities Fraud allegations, which merely reference these forty paragraphs, are not made with particularity and do not comply with Rule 9(b) or Seventh Circuit case law. *See Payton*, 184 F.3d at 627 (stating that the enhanced pleading standard for fraud is justified by the great harm a fraud claim can cause to business reputation).

Lastly, and although not fatal on its own, but when taken with the above problems demands dismissal,[4] is Plaintiffs' failure to supply proper statutory authority. Specifically, in Count IV, Plaintiffs purport to allege Defendants violated the Securities Act of 1933, § 12, 15 U.S.C. § 77. The only problem is 15 U.S.C. § 77 is entitled "Discrimination against Neutral Americans at Time of

---

[3] *See Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)(noting that plaintiffs can plead themselves out of court by alleging facts showing they have no claim, even though they were not required to allege those facts in the first instance; "[w]e have expressed our puzzlement that lawyers insist on risking dismissal by filing prolix complaints.")

[4] If Plaintiffs decide to file a Second Amended Complaint, Plaintiffs should also make sure to properly number their causes of action. While the misnumbering of causes of actions does not demand dismissal on its own, the error adds to the confusion of the Amended Complaint.

3

War." Clearly, Plaintiffs Amended Complaint contains no claim actionable under 15 U.S.C. § 77.

Assuming Plaintiffs file a Second Amended Complaint, which this court is allowing Plaintiffs to do, Plaintiffs should take note that the current status in the Seventh Circuit is that shareholders of corporations do not have standing to recover under RICO statutes for the corporation's injuries. *See Gagan v. American Cablevision, Inc.*, 77 F.3d 951, 959 (7th Cir. 1996)("Where the shareholder's injury resulted directly from an injury to the corporation, but only indirectly from the harm the wrongdoer wreaked upon the corporation, the RICO claim belongs to the corporation, and not the shareholder."); *Sears v. Likens*, 912 F.2d 889, 892 (7th Cir. 1990)("Shareholders of a corporation do not have standing as individuals to bring a RICO action for diminution in the value of their stock caused allegedly by racketeering activities conducted against the corporation."); *Flynn v. Merrick*, 881 F.2d 446, 450 (7th Cir. 1989)("In a RICO action, absent a showing of individual and direct injury, shareholders in a corporation injured by a third party in violation of RICO do not have standing to bring individual causes of action."); *Rylewicz v. Beaton Services, Ltd.*, 888 F.2d 1175, 1179 (7th Cir. 1989)("Derivative actions such as that brought by [Plaintiff shareholders] are impermissible."); *see also Tkachyov v. Levin*, 1999 U.S. Dist. LEXIS 15221 (N.D. Ill. Sept. 24, 1999)("Only the directly injured party, rather than individual shareholders, may bring claims under RICO."); *Esposito v. Soskin*, 11 F. Supp. 2d 976, 978-979 (N.D. Ill. 1998)(quotation omitted); *Coronet Ins. Co. v. Seyfarth*, 665 F. Supp. 661, 670 (N.D. Ill. 1987)("A decrease in the value of shares merely reflects a decrease in the value of the firm, an insufficient direct harm to give a shareholder standing to sue in his own right."). The Seventh Circuit's position is consistent with other Circuits that have considered this issue. *See Brennan v. Chestnut*, 973 F.2d 644, 648 (8th Cir. 1992)("A shareholder may not maintain an action for an injury to a corporation

resulting in a diminution in the value of shares under RICO absent a showing of individual and direct injury to the shareholder."); *Willis v. Lipton*, 947 F.2d 998 (1st Cir. 1991)("To extend a corporate insider standing to assert individual RICO treble damage claims in these circumstances would seriously impede the efficient pursuit of available governmental and corporate recovery efforts to the potential detriment of the injured corporation's creditors."); *In re Sunrise Sec. Litig.*, 916 F.2d 874, 880 (3d Cir. 1990)("Federal courts that have considered the question in shareholder suits all have held that shareholders lack standing to assert RICO claims where their injuries are not direct and distinct from any injury sustained by the corporation and shareholders generally."); *Adams-Lundy v. Ass'n of Professional Flight Attendants*, 844 F.2d 245, 250 (5th Cir. 1988)("[S]tockholders cannot sue in their own name for diminution in the value of their stock; a decrease in stock value does not provide sufficient direct injury for the stockholder to sue in his own right."); *Warner v. Alexander Grant & Co.*, 828 F.2d 1528, 1530 (11th Cir. 1987)("[Plaintiff] cannot sue under RICO for damages he sustained derivatively as a shareholder of corporations that relied on the [Defendants'] statements."); *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843 (2nd Cir. 1986), cert. den., 479 U.S. 987, 93 L. Ed. 2d 582, 107 S. Ct. 579 (1986)("The RICO action . . . is a corporate asset, and shareholders cannot bring it in their own names without impairing the rights of prior claimants to such assets."); *Warren v. Manufacturers National Bank of Detroit*, 759 F.2d 542, 544 (6th Cir. 1985)("An action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation. The shareholder's rights are merely derivative and can be asserted only through the corporation.")(citation omitted).

## Conclusion

Therefore, Defendants' Motion to Dismiss is granted. Plaintiffs are given 14 days from the date of this Order to file a Second Amended Complaint. Defendants are given 14 days from the day of filing to answer or otherwise plead.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 7/15/04